TRINA A. HIGGINS, United States Attorney (#7349)
MICHAEL KENNEDY, Assistant United States Attorney (#8759)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
email: michael.kennedy@usdoj.gov

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MERRILL DARRELL FACKRELL, Defendant. | Case No.   2:22mj825-DAO<br><br>CRIMINAL COMPLAINT<br><br>VIO: 49 U.S.C. § 46505 [Carrying a Weapon on an Aircraft]<br><br>49 U.S.C. § 46506 and 18 U.S.C. § 113(a)(3) [Assault with a Dangerous Weapon in the Special Aircraft Jurisdiction of the United States]<br><br>Magistrate Judge Daphne A. Oberg |

Before a United States Magistrate Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

COUNT 1

49 U.S.C. § 46505
(Carrying a Weapon on an Aircraft)

On or about November 21, 2022, in the District of Utah and elsewhere,

MERRILL DARRELL FACKRELL,

the Defendant herein, when on an aircraft in and intended for operation in air transportation had on or about himself and his property a concealed dangerous weapon, to wit, a Facon razor with a straight-edge razor blade, and such dangerous weapon was accessible to him in flight, all in violation of 49 U.S.C. § 46505(b)(1) and punishable thereunder.

COUNT 2

18 U.S.C. § 113(a)(3); 49 U.S.C. § 46506
(Assault with a Dangerous Weapon
in the Special Aircraft Jurisdiction of the United States)

On or about November 21, 2022, in the District of Utah and elsewhere,

MERRILL DARRELL FACKRELL,

the Defendant herein, did, in the special aircraft jurisdiction of the United States as defined in 49 U.S.C. § 46501(2), commit assault with a dangerous weapon with the

intent to do bodily harm, all in violation of 49 U.S.C. § 46506(1) and 18 U.S.C. § 113(a)(3), and punishable thereunder.

* * *

Complainant states that this complaint is based on information obtained through investigation consisting of the following:

I, Kylie Ruiz, being first duly sworn, depose and say:

1. I am a law enforcement officer with over 15 years' experience and have over 13 years' experience as a patrol officer for the Salt Lake City Police Department. I am currently assigned to the Airport Investigations Division and have served with them on multiple occasions over my career. I am also a Deputized Task Force Officer with the Federal Joint Terrorism Task Force and serve as one of two Airport Liaison Agents at the Salt Lake City International Airport. I have taken several investigation courses and completed hundreds of cases resulting in successful convictions both on the patrol and investigations sides. As a federal Task Force Officer, I am authorized to investigate violations of the law of the United States and have authority to execute arrest and search warrants issued under the authority of the United States.

2. The statements in this affidavit are based, in part, on an investigation conducted by myself and/or communicated to me by other law enforcement officers, other investigators with knowledge of this investigation, and witnesses who observed the incident. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included every fact known to me concerning this investigation. Rather, I have set forth facts sufficient to establish probable cause for the complaint.

3. On November 21, 2022, Jetblue Flight #871 left from John F. Kennedy International Airport in New York en route to Salt Lake City International Airport in Utah. MERRILL DARRELL FACKRELL ("FACKRELL") was seated in seat 6A (window seat). Married passengers M.L. (female) and R.L. (male) were seated in seats 6B (middle seat) and 6C (aisle seat) respectively.

4. During the flight, FACKRELL engaged M.L. in conversation while R.L. had headphones on and was working and watching a movie. FACKRELL and M.L. had a long and varied conversation. FACKRELL had several alcoholic beverages. Later, R.L. got up to use the restroom in the rear of the plane and M.L. followed him.

5. When they returned to their seats, M.L. puts on headphones and began to watch a movie. She could hear FACKRELL continue to talk to himself but was not

paying him any attention. FACKRELL placed his hand in front of M.L.'s screen and told her to pause her movie. M.L. took off her headphones and realized that FACKRELL had his hand clutched with what appeared to her as a knife, inches from her skin at her throat/neck area near the collar of her shirt. FACKRELL then stood up and started yelling "She's going to be ok," and "no one needs to worry." He then told R.L. to "get the fuck out of there." R.L. went to the front of the aircraft to get assistance from the flight attendant.

6. M.L. lunged for the aisle to escape. FACKRELL reached for her and tried to stop her by grabbing her shoulder. M.L. was able to break free and run towards the front of the aircraft.

7. Passenger R.H. was seated across the aisle in seat 6F and observed the incident. After M.L. went to the front of the plane, R.H. noticed FACKRELL still had something clutched in his hand but was unsure what it was. He then began a confrontation with FACKRELL and was able to get him to put the object down on the seat. R.H. grabbed the object, which looked like a knife, from the seat and passed it off for safekeeping. R.H. then sat next to FACKRELL for the duration of the flight.

8. The knife-like object taken from FACKRELL was retained by the flight crew and was found to be a Facon wood-handled straight edge razor with a one-to-two-inch blade.

.

/s/ *Kylie Ruiz*
KYLIE RUIZ
Task Force Officer
Federal Bureau of Investigation

SUBSCRIBED AND SWORN TO BEFORE ME this _22nd_ day of November, 2022.

_____
DAPHNE A. OBERG
United States Magistrate Judge

APPROVED:

TRINA A. HIGGINS
UNITED STATES ATTORNEY

/s/ *Michael Kennedy*

_____
MICHAEL KENNEDY
Assistant United States Attorney